MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DONALD WOO LEE and LINDA BAE LEE,<br>　　　　Debtors<br>　　　　　　(Lead Case) | Case No.: 8:13-bk-17920-ES<br>[Lead Case]<br><br>Case No.: 8:13-bk-19404-ES<br>[Consolidated Case]<br><br>Chapter 7 |
| In re:<br><br>PRIME PARTNERS MEDICAL GROUP, INC.,<br>　　　Debtor. | Adv. No.<br><br>COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br>　　　　Plaintiff,<br>vs.<br><br>JANE LEE, an individual<br>　　　　Defendant(s). | [11 U.S.C. §§ 544, 548, 549, 550, and 551, and Cal. Civ. §§ 3439.04, *et al.*] |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

　　　Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the

Bankruptcy Estates of Donald Woo Lee ("Dr. Lee") and Linda Bae Lee ("Ms. Lee," and collectively

with Dr. Lee, the "Lees") and Prime Partners Medical Group, Inc. ("PPMG") (collectively with the

Lees, the "Debtors") ("Plaintiff" or "Trustee") files this Complaint against JANE LEE

("Defendant") and alleges as follows:

**JURISDICTION**

1.      On September 24, 2013, the Lees filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2.      On November 18, 2013, PPMG filed its own voluntary petition under Chapter 11 of Title 11 of the United States Code ("PPMG Petition Date").

3.      On May 23, 2014, the Court entered an order substantively consolidating PPMG's Chapter 11 proceeding into the Lees' Chapter 11 bankruptcy case (as consolidated, the "Estates").

4.      In December 2014, the Riverside District Attorney filed a felony complaint against Dr. Lee and others ("Criminal Proceeding"). The Criminal Proceeding alleges wrongdoing in connection with various loans obtained by Dr. Lee.

5.      As a result of the Criminal Proceeding, on December 19, 2014, Debtors and the United States Trustee ("UST") filed a stipulation ordering the UST to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) ("Trustee Stipulation").

6.      On December 22, 2014, as Dk. No. 274, the Court entered an order granting the Trustee Stipulation. That same day, the UST appointed Richard A. Marshack as Chapter 11 Trustee of the Consolidated Cases.

7.      On April 15, 2015, as Dk. No. 357, the Court entered an order converting the Consolidated Cases to a Chapter 7. On the same day, Plaintiff was appointed as the Chapter 7 Trustee for the Consolidated Cases.

8.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (F) (proceedings to determine, avoid, or recover preferences), (H) (proceedings to recover fraudulent transfers), and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief contained herein is determined to be a *Stern*-claim or not a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS

306450v1/1015-080

9.      This adversary proceeding is filed pursuant to 11 U.S.C. §§ 544, 547, 548, 549, 550, 551, and California Civil Code § 3439.04 (a proceeding to avoid, recover, and preserve preferential, fraudulent, and unauthorized post-petition transfers).

10.      Plaintiff, as the Chapter 7 Trustee of the Debtors' bankruptcy Estates, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

11.      This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in and relates to the substantively consolidated bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re Donald Woo Lee and Linda Bae Lee* and *In re Prime Partners Medical Group, Inc.*, and consolidated under assigned Case No. 8:13-bk-17920-ES.

12.      Venue properly lies in the Central District of California in that this adversary proceeding arises in, arises under, or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

13.      The Plaintiff is the duly appointed and acting Chapter 7 Trustee of the above-entitled estate under 11 U.S.C. § 702.

14.      At all times relevant to this Complaint, Plaintiff alleges that PPMG is, and was, a corporation that was authorized to conduct business in the State of California.

15.      At all times relevant to this Complaint, Plaintiff alleges that Defendant is, and was, an individual residing in the State of California.

**GENERAL ALLEGATIONS**

16.      At all times relevant to this Complaint, Dr. Lee is, and was, PPMG's principal and 100% owner.

17.      Plaintiff is informed and believes, and thereon alleges, that Dr. Lee diverted PPMG's corporate funds for his own personal use, including, but not limited to payments to his family members and/or for his personal expenditures.

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS

306450v1/1015-080

18.     Plaintiff is informed and believes, and thereon alleges, that Defendant is Dr. Lee's sister.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a statutory insider of both Dr. Lee and PPMG pursuant to 11 U.S.C. § 101(31)(A)(i) & (B)(vi).

20.     Plaintiff is informed and believes, and thereon alleges that PPMG made various pre-petition payments Defendant ("Transfers"). A true and correct copy of a spreadsheet describing the Transfers is attached here as Exhibit "1."

21.     Plaintiff is informed and believes, and thereon alleges, that Defendant did not provide any value to Debtors in exchange for the Transfers.

22.     Plaintiff is informed and believes, and thereon alleges, that PPMG's staff has indicated to the Trustee that there was no legitimate business purpose for the Transfers.

23.     Plaintiff is informed and believes, and based thereon alleges, that the Transfers represent payments made by PPMG for Dr. Lee's and/or Defendant's personal benefit, and not for the benefit of PPMG.

24.     Each of the Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

25.     Plaintiff alleges that Debtor was insolvent at the time the Transfers were made by PPMG to Defendant.

26.     Plaintiff alleges that each of the Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

**FIRST CLAIM FOR RELIEF**

(Avoidance, Recovery, and Preservation of Preferential Transfers)

(11 U.S.C. §§ 547, 550, and 551)

27.     Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     Plaintiff alleges that as Defendant is an insider of PPMG pursuant to 11 U.S.C. § 101(31)(B)(vi), the preference period described in 11 U.S.C. § 547(b)(4)(B), may be expanded to one (1) year prior to the Petition Date.

4

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS

306450v1/1015-080

29.     Plaintiff alleges that during the one (1) year period prior to the Petition Date, PPMG made transfers to Defendant totaling not less than $20,000, including but not limited to the transfers identified in Exhibit "1." These transfers are referred to as the "Preferential Transfers."

30.     Plaintiff alleges that each of the Preferential Transfers was a transfer of an interest of PPMG in property.

31.     Plaintiff alleges that each of the Preferential Transfers was made by PPMG to Defendant.

32.     To the extent that the Court determines that PPMG was liable for the payments made to Defendant, Plaintiff alleges that each of the Preferential Transfers made to Defendant was on account of an antecedent debt owed by PPMG.

33.     Plaintiff alleges that each of the Preferential Transfers was made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

34.     Plaintiff alleges that each of the Preferential Transfers made to Defendant enabled her to receive more than she would have received in this Chapter 7 case if: (a) such Preferential Transfers had not been made; and (b) Defendant received payment of such debt to the extent provided for by Title 11 of the United States Code.

35.     The Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Defendant has liability for all avoided transfers under 11 U.S.C. § 550.

36.     The Trustee may preserve all avoided transfers for the benefit of the estate pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

(Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

[11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

California Civil Code §§3439 *et seq.*]

37.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 26 and 27 through 36, inclusive, as though fully set forth herein.

/ / /

5

306450v1/1015-080

38.     During the four (4) year period prior to the PPMG Petition Date, Plaintiff alleges that PPMG made transfers of interests in property to Defendant totaling not less than $30,000, including but not limited to the transfers identified in Exhibit "1," with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to herein as the "Actual Fraudulent Transfers."

39.     PPMG did not receive reasonably equivalent value in exchange for each of the Actual Fraudulent Transfers.

40.     PPMG was insolvent on the date of each of the Actual Fraudulent Transfers or became insolvent as a result of each of the Actual Fraudulent Transfers.

41.     The Trustee may avoid the Actual Fraudulent Transfers made (a) during the four (4) year period prior to the PPMG Petition Date pursuant to 11 U.S.C. § 544(a) and California Civil Code § 3439 *et seq.*; and (b) during the two (2) year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A).

42.     The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

43.     The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

**THIRD CLAIM FOR RELIEF**

(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551

California Civil Code §§ 3439.04(a)(1)(B), and 3439.05 *et seq.*]

44.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 26 and 27 through 36, 38 through 43, inclusive, as though fully set forth herein.

45.     During the four (4) year period prior to the November 18, 2013, Petition Date for PPMG, the Trustee alleges that PPMG made transfers of interests in property to Defendant totaling

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS

306450v1/1015-080

not less than $30,000, including but not limited to the transfers identified in Exhibit "1," for less than reasonably equivalent value and while insolvent. These transfers are referred to herein as the "Constructive Fraudulent Transfers."

46.    PPMG was insolvent on the date of each of the Constructive Fraudulent Transfers or became insolvent as a result of each of the Constructive Fraudulent Transfers, including:

    i.    At the time of each of the Constructive Fraudulent Transfers, PPMG was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with PPMG was an unreasonably small capital; and /or

    ii.    PPMG intended to incur, or believed that it would incur, debts that would be beyond PPMG's ability to pay as such debts matured.

47.    Defendant knew or should have known that it did not give anything of value to PPMG in exchange for the Constructive Fraudulent Transfers. Defendant therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

48.    The Trustee may avoid the Constructive Fraudulent Transfers made (a) during the four (4) year period prior to the petition date pursuant to 11 U.S.C. § 544(a) and California Civil Code § 3439.04(a)(1)(B) and 3439.05; and (b) during the two (2) year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(B).

49.    The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

50.    The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

**PRAYER**

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

ON THE FIRST CLAIM FOR RELIEF

1.    That each of the Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT
TRANSFERS

306450v1/1015-080

2.      That Plaintiff recover each of the avoided Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

### ON THE SECOND CLAIM FOR RELIEF

3.      That each of the Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. § 548(a)(1)(A), and Cal. Civ. Code § 3439 *et seq*;

4.      That Plaintiff recover each of the avoided Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

### ON THE THIRD CLAIM FOR RELIEF

5.      That each of the Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. § 548(a)(1)(B), and Cal. Civ. Code § 3439.04(a)(1)(B), and 3439.05 *et seq*;

6.      That Plaintiff recover each of the avoided Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550.

### ON ALL CLAIMS FOR RELIEF

1.      That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

2.      For pre-judgment interest at the maximum rate allowed by law;

3.      For costs incurred by Plaintiff in prosecuting this action; and

For such other and further relief as the Court may deem just and proper.

Dated: December 17, 2015         MARSHACK HAYS LLP

                    */s/ Matthew W. Grimshaw*
                  By:_____
                        MATTHEW W. GRIMSHAW
                        DAVID A. WOOD
                        Attorneys for Chapter 7 Trustee,
                        RICHARD A. MARSHACK

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL, AND FRAUDULENT TRANSFERS

306450v1/1015-080

EXHIBIT  1

| Date | | Payee | | Amount | | Manner | | Number | | Acct. No. |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 6/10/2012 | | Jane Lee | | $10,000 | | Check | | 7779 | | 2183161 |
| 8/15/2013 | | Jane Lee | | $20,000 | | Check | | 8620 | | 2183161 |
| | | | | | | | | | | |
| | | Total: | | $30,000 | | | | | | |